Fine Creative Media, Inc. v Barnes & Noble, Inc. (2025 NY Slip Op 05458)

Fine Creative Media, Inc. v Barnes & Noble, Inc.

2025 NY Slip Op 05458

Decided on October 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 07, 2025

Before: Webber, J.P., Mendez, Pitt-Burke, Higgitt, O'Neill Levy, JJ. 

Index No. 651141/23|Appeal No. 4849|Case No. 2024-05778|

[*1]Fine Creative Media, Inc., Plaintiff-Appellant-Respondent,
v
Barnes & Noble, Inc., Defendant-Respondent-Appellant.

Davis Wright Tremaine LLP, New York (Linda Steinman of counsel), for respondent-appellant.
Frankfurt Kurnit Klein & Selz, P.C., New York (Caren Decter of counsel), for appellate- respondent.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered on or about August 5, 2024, which, to the extent appealed and cross-appealed from, granted defendant's motion to dismiss the causes of action for breach of fiduciary duty (first cause of action), breach of the implied covenant of good faith and fair dealing (third cause of action), an accounting (fourth cause of action), and so much of the causes of action for breach of contract (second cause of action) and declaratory judgment (fifth cause of action) as sought relief regarding section 11 of the parties' agreement; and denied the motion to dismiss so much of the second cause of action and the fifth cause of action as sought relief regarding section 8 of the parties' agreement, unanimously affirmed, without costs.
Supreme Court properly dismissed the cause of action for breach of fiduciary duty, as that cause of action was based on a joint venture theory and plaintiff did not sufficiently plead that there was a joint venture between the parties. The parties entered into a specialized supply contract under which plaintiff produced books of classic titles that were in the public domain, as well as ancillary material for those books, such as introductions and forewords. However, the parties' arrangement did not create an agreement to share profits or losses — an element essential for the finding of a joint venture — but rather, simply created a commercial contract for the supply of goods. Thus, the parties' contract constituted an arm's-length business arrangement, which does not impose any fiduciary duty (see Matter of Steinbeck v Gerosa, 4 NY2d 302, 317 [1958], appeal dismissed 358 US 39 [1958]; Richbell Info. Servs. v Jupiter Partners, L.P., 309 AD2d 288, 298 [1st Dept 2003]; Dinaco, Inc. v Time Warner, Inc., 346 F3d 64, 68 [2d Cir 2003]). Moreover, because the cause of action for an accounting turned on the cause of action for breach of fiduciary duty, Supreme Court correctly dismissed the cause of action for an accounting.
Plaintiff argues that it need not allege an agreement to share losses because the record establishes that there was no reasonable expectation of losses to the parties (see Lebedev v Blavatnik, 193 AD3d 175, 185-186 [1st Dept 2021]). Rather, plaintiff asserts that its only risk was its overhead in producing books under the agreement and that defendant's only risk was the price it paid for those books. Thus, plaintiff concludes, the only risk of loss was to third parties. We reject this argument, as there is an expectation of risk where a venture is engaged in selling into a highly competitive or volatile market, such as the classic book market presented here (id. at 186). Moreover, under the agreement, not only did defendant take a risk of losses, but it took all of the risk without the possibility of sharing losses: defendant advanced millions of dollars in startup costs to plaintiff, which was to be paid through royalties on the sales of the books, regardless of how many books were sold. In addition, the agreement provided that defendant, a purchaser under contract for specialized goods, was not entitled to return or charge back any unsold books (see Slabakis v Schik, 164 AD3d 454, 455 [1st Dept 2018], lv denied 32 NY3d 912 [2018]).
Supreme Court correctly dismissed plaintiff's claim for breach of the implied covenant of good faith and fair dealing. The duty that plaintiff sought to imply — using reasonable efforts to advance the Barnes & Noble Classics product line — contradicts and alters various terms of the parties' agreement (see D & L Holdings, LLC v RCG Goldman Co. LLC, 287 AD2d 65, 73 [1st Dept 2001]). In any event, the cause of action for breach of covenant is duplicative of the express breach of contract claims (see Engelhard Corp. v Research Corp., 268 AD2d 358, 359 [1st Dept 2000], lv denied 97 NY2d 611 [2022]).
Plaintiff also failed to state a cause of action for breach of section 11(c) of the contract, which provides for certain royalties upon a termination under section 11(a). The contract, when read as a whole, makes clear that section 11(c) applies only when there has been a for-cause termination of the contract under the process set forth in section 11(a). There was no such termination, and section 11(c) does not apply to a situation such as the one presented here, where defendant stopped ordering from plaintiff and switched to a different producer (see Teliman Holding Corp. v VCW Assoc., 211 AD3d 499, 500 [1st Dept 2022]).
Finally, Supreme Court correctly denied dismissal of the cause of action seeking a declaration that plaintiff is owed royalites under section 8(f) of the agreement. Plaintiff has put forth a reasonable interpretation of that section, rendering the clause ambiguous, and thus the issue is inappropriate for judgment on the pleadings (see Alden Global Value Recovery Master Fund, L.P. v KeyBank N.A., 159 AD3d 618, 625 [1st Dept 2018]).
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 7, 2025